Jackie R. Garman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges CRUM-
LISH, JR., MENCER and CRAIG, sitting as a panel of
three.

*John S. Alexander,* with him *Barbara J. Hart, Wil-
liam L. Botts, III,* and *Alan N. Linder,* for petitioner.

*William J. Kennedy,* Assistant Attorney General,
with him *Gerald Gornish,* Acting Attorney General, for
respondent.

OPINION BY JUDGE CRUMLISH, JR., April 11, 1979:

Jackie R. Garman (Claimant) appeals a decision
of the Unemployment Compensation Board of Review
(Board) affirming the referee's denial of benefits pur-
suant to Section 401(d) of the Unemployment Com-
pensation Law (Act).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §801(d).

The Board found that:

5. The claimant has been medically unable to accept gainful employment since July 20, 1975. The date when she will be able to accept gainful employment is uncertain.

6. The claimant was medically unable to accept gainful employment during the period in question.

Claimant contends that Board's decision constituted a capricious disregard of competent evidence.

We disagree.

Claimant had been terminated July 7, 1975, from Penn Optical Co. because of excessive absenteeism. The record includes a doctor's certification submitted by Claimant dated December 15, 1975, which indicates that she was advised to quit for health reasons, that as of July 20, 1975, she was unable to accept gainful employment and that it was uncertain when Claimant would eventually be able to accept employment. The December 15, 1975 certificate noted that Claimant was suffering pain and in need of surgery. This we agree is sufficient to support the findings of the Board and thus conclusive. *Progress Manufacturing Co. v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A.2d 632 (1962).

Claimant contends that evidence of record contradicts this evidence, but this Court has regularly held that Board is not required to accept as true even uncontradicted testimony. *Koba v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977).

The Board's denial of benefits to Claimant because she was medically unable to work is appropriate under Section 401(d) and the record fails to reveal a capricious disregard of competent evidence.

Accordingly, we

ORDER

AND Now, this 11th day of April, 1979, Decision No. B-144491 of the Unemployment Compensation Board of Review is affirmed.