Robert Jenkins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 4, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Edward L. McCandless, Jr.,* of *Steinberg & Girsh,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 11, 1980:

Robert Jenkins (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) disallowing further appeal of a referee's decision terminating his unemployment benefits for refusing suitable work, under Section 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

The claimant had been employed as a truck driver and mechanic at $4.50 per hour but had been separated from that employment on April 14, 1978, and was receiving unemployment compensation. On June 5, 1978, he was referred to a prospective new employer, Automatic Rolls of Pennsylvania (employer), and thereafter completed an application for employment. What followed was succinctly stated by the referee:

4. On June 19, 1978 the claimant was offered employment as a General Worker, at $4.00 an hour, with Automatic Rolls of Pennsylvania, a newly formed company, with the assurance that he would be considered for advancement to a position such as a Bakery Machine Mechanic, at $5.00 an hour, when business conditions warranted the employer increasing his labor force, which was expected to occur in the near future.

5. Claimant indicated his acceptance of the General Worker position offered by Automatic Rolls of Pennsylvania, but failed to report for work as instructed on June 19, 1978. Claimant did not notify the employer as to the cause of his not reporting.

6. Claimant informed the Local Office that he was dissatisfied with the type of work offered, and felt the employment was temporary in nature.

7. The position offered was within the claimant's capabilities and paid the prevailing wage rate for that type of work in his labor market area.

Under Section 402(a) of the Law, 43 P.S. §802(a):

An employe shall be ineligible for compensation for any week—

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work . . . , or to accept suitable work when offered to him by the employment office or by any employer. . . .

The referee therefore terminated the claimant's benefits.

The claimant argues first that the proffered work was not suitable because he had been unemployed only a short time and would not have used his acquired

skills in the proffered employment. *See United States Steel Corp. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 295, 310 A.2d 94 (1975). The claimant, however, had been unemployed for approximately two months and, even if the general work proffered was not suitable, he was given a reasonable assurance of later obtaining a position in which he would use his skills. The evidence of the employer, which the referee accepted, indicated that it was building a new bakery and that the claimant would be installing equipment for his first month, after which the employer would be assigning its employees to various positions in the new facilities as such became available. These positions included equipment operator, maintenance mechanic, and truck driver. Although the employer did not promise the claimant any specific position, he did indicate that he "probably" would have an opening for the claimant as a mechanic. Under these circumstances, therefore, we believe that the claimant was obligated to accept the proffered employment.

We must also reject the claimant's argument that the referee capriciously disregarded his testimony that a counselor at the Office of Employment Security had advised him that he need not accept the job in question. In this regard, the referee found only that the claimant reported to the local office that he was dissatisfied with the work offered and that he believed the work to be temporary in nature. The referee rejected the claimant's testimony that he had relied on the advice of an employment counselor, and we have always held that determinations of credibility are within the province of the fact finder. *See e.g., Troyen v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 445, 383 A.2d 975 (1978).

Accordingly, the order of the Board is affirmed.

ORDER

AND Now, this 11th day of February, 1980 the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.