Barry W. Lace, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Emily J. Leader,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 17, 1981:

This is an appeal by Barry W. Lace (petitioner) from a determination of the Unemployment Compensation Board of Review (Board) terminating his benefits for failure to accept suitable employment under Section 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).[1]

---

[1] Section 402(a) provides:

An employee shall be ineligible for compensation for any week—

The petitioner was employed as a coordinator of volunteer services for the Institute of Research and Development in Retardation at an annual salary of $14,500 until his last day of employment on October 15, 1978. He received unemployment compensation benefits until March 2, 1979, at which time, as the Board found, he failed to accept a referral to suitable employment with Cumberland Perry Mental Health and Mental Retardation at a salary of $9,195 per year. He stated that he was not qualified for the work available. The Bureau (now Office) of Employment Security found that the petitioner had refused to accept suitable employment and terminated his benefits. After a hearing, the denial of benefits was upheld by both the referee and the Board and this appeal followed.

The petitioner contends that he did not refuse the referral, but only inquired as to the nature of the work and questioned its suitability for him. Alternatively he argues that he had good cause to refuse in that the employment offered was unsuitable because it required education and skills which he did not possess and paid substantially less than his previous employment.

We cannot agree with the petitioner's initial contention that he did not refuse the referral. When contradictory testimony is presented at a hearing, as was the case here, this Court must defer to the Board's role as the ultimate factfinder to determine the credibility

---

(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That such employer notifies the employment office of such offer within seven (7) days after the making thereof.

to be given the witnesses, *Jenkins v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 301, 410 A.2d 980 (1980), and, after reviewing the record, we must sustain the finding that the petitioner failed to accept the referral.

In relation to the petitioner's alternative argument, he had the burden of proving that the work available was not suitable, *Eichman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 21, 409 A.2d 1389 (1980), or that he had good cause for refusing the referral. *Veneski v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 154, 370 A.2d 382 (1977). Where the Board has ruled against the party with the burden of proof our scope of review is limited to a determination as to whether or not the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979).

The petitioner claims that the work was unsuitable[2] because: (1) the job description was for a caseworker

---

[2] "Suitable work" is defined in Section 4(t) of the Law, 43 P.S. §753(t) as:

[A]ll work which the employee is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence.

to handle individuals while his specialty was in administration; (2) he did not have the suggested educational background; and (3) the pay was substantially lower than in his previous employment and lower than in three other appropriate employment prospects about which he was waiting to, hear. However, after reviewing the evidence, we must again defer to the Board's factfinding function and its assessment of the credibility of the testimony. Initially, we question the petitioner's "specialty" as an administrator. His five-year employment as a coordinator of volunteer services does not seem to be comparable to that of the skilled craftsman who received extensive instruction and had 18 years of experience in *Bethlehem Steel Corporation v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 292, 310 A.2d 697 (1973). Secondly, we cannot say that the petitioner's academic degree in social sciences and English, when coupled with his experience in programs for the mentally retarded, does not meet the educational requirements of the caseworker job description: psychology, social services or related fields. And, as to the admittedly substantial decrease in the pay that he was offered compared to that in his previous employment, we note that a reduction in remuneration in and of itself will not negate the suitability of work, *Eichman v. Unemployment Compensation Board of Review, supra,* and we cannot say that the Board capriciously disregarded competent evidence when it found that the compensation for the caseworker position was within the prevailing wage for the labor market in which the petitioner was seeking employment. Finally, we find that the petitioner's five months of unemployment approaches the maximum time within which he could legitimately continue to seek a position within his

"specialty"[3] and he, therefore, should have at least been willing to accept the referral and set up an interview to investigate the proffered employment opportunity. *Bethlehem Steel Corporation v. Unemployment Compensation Board of Review, supra.*

The petitioner's argument that he had good cause to refuse the referral is premised on the same facts discussed above, and we must consequently uphold the Board's finding that his conduct evidenced a lack of good faith effort to obtain employment which is an essential element for establishing good cause for failing to accept a referral. *Ennis v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 344, 336 A.2d 438 (1975).

We will, therefore, affirm the order of the Board.

ORDER

AND, Now, this 17th day of February, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

[3] In *Bethlehem Steel Corp. v. Unemployment Compensation Board of Review, supra,* the Court noted that 4½ months of unemployment approached the limit for seeking employment in the employee's specialty as a pattern-maker, but that the length of that period was mitigated by his retention of such a position within one week of the denial of benefits. There has been no showing here that the petitioner had similar success with the administrative positions which he awaited.