Wallace E. Daley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Vincent DeFalice,* with him *James L. Beck,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 18, 1981:

This is the appeal of Wallace E. Daley (appellant) from an Order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision terminating benefits to the appellant for failure to accept a job referral in violation of Section 402 (a) of the Unemployment Compensation Law (Law).[1]

On May 11, 1979, Daley was permanently laid off from his job as a machine operator for the Heppenstall Company. He had been employed by Heppenstall for approximately thirty-four years. Heppenstall's plant was located approximately twenty-five miles from appellant's residence. Upon termination of his employment he promptly applied for unemployment benefits under the Law, and for a Trade Readjustment allowance under a federal-state program.[2] He received benefits under both programs.

On July 26, 1979, the local office of the Bureau of Employment Security (Bureau) placed a telephone

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

[2] Trade Act of 1974, 19 U.S.C. §2101 *et seq.* By force of U.S.C. §2294 state availability and disqualification provisions apply unless inconsistent with the Trade Act.

call to the appellant to advise him of potential employment with another company, Matthews International. The available position involved machine work similar to that which appellant had performed for Heppenstall, at a comparable wage. Matthews International's plant was located approximately thirty miles from Daley's residence. When advised of this position, appellant responded that he was not interested in the job, because he did not want to travel thirty miles each day to work, due to the cost of fuel and automobile maintenance.[3] The claimant later admitted on a Bureau "Summary of Interview" form that distance of travel was his reason for declining to pursue the job referral. About August 6, 1979, the Bureau issued a determination denying compensation for the weeks ending July 28 and August 4, 1979, because of the claimant's failure to pursue the referral. Upon receipt of that determination the claimant went to the local office of the Bureau and agreed to be interviewed by Matthews International for the job opening. However, it appears that Matthews International did not offer the claimant a job.

Section 402(a) of the Law mandates that a claimant shall be ineligible for compensation for any week in which his unemployment is due to his failure, without "good cause," to apply for suitable work at such time and manner as the compensation authorities may prescribe. We have held that a failure, without "good cause," to pursue a referral of suitable employment will render a claimant ineligible for benefits by force of Section 402(a). *Rosenberger v. Unemployment*

---

[3] The claimant represented below that hearing difficulties prevented him from fully comprehending the Bureau's telephone call. In that regard we must point out that the Board is not required to accept as true even uncontradicted testimony. *Garman v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 589, 399 A.2d 1172 (1979).

*Compensation Board of Review,* 31 Pa. Commonwealth Ct. 455, 376 A.2d 1018 (1977). "Good cause" under Section 402(a) has been interpreted to be synonymous with "good faith," which includes behavior that is consistent with a genuine desire to be employed. *Rosenberger, supra.* The instant claimant's ineligibility was based on his declining the job referral of July 26 because the travel distance or the cost of using his automobile for the travel distance was not acceptable to him.

This Court has consistently held that for transportation inconvenience to constitute "cause" for quitting an existing job, a claimant must establish that the inconvenience presented an unsurmountable problem. *Shaw v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 452, 406 A.2d 608 (1979). That same legal principle should apply at the referral stage, as well. *See Morrison v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 211, 407 A.2d 486 (1979). Claimant Daley has not shown that traveling thirty miles to the job would have constituted an unsurmountable problem, especially since in his previous employment he traveled twenty-five miles to work each day.

Accordingly, we must conclude that distance of travel did not constitute "good cause" for rejecting the job referral on July 26, 1979; and, thus, such conduct was inconsistent with good faith or a genuine desire to be employed. The fact that Daley consented to be interviewed for the job after being denied benefits or was subsequently rejected by the referred employer cannot alter the consequences of his initial refusal. A claimant for unemployment benefits must *at all times* be ready and willing to accept suitable employment. *Morrison, supra.*

For the reasons set forth we affirm the Board's order in this case.

ORDER

ORDER

AND NOW, the 18th day of March, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-176275, denying benefits, is affirmed.