Stepton Rodrigques, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Warner & Swasey, Wiedemann Division, Intervenor.

Argued October 9, 1980, before Judges MacPhail, Williams, Jr. and Palladino, sitting as a panel of three.

*Eric Segal*, with him *Brian R. Steiner*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

*Doreen S. Davis-Rosenfeld, Obermayer, Rebmann, Maxwell & Hippel*, for intervenor.

Opinion by Judge Williams, Jr., April 8, 1981:

Stepton Rodrigques (claimant) appeals from an Order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision holding the claimant ineligible for benefits by mandate of

Section 402(e) of the Unemployment Compensation Law (Act).[1]

Claimant Rodrigques was employed as a drill press operator for the Warner-Swasey Company from October, 1976 until his dismissal in February, 1979. Claimant's employment was terminated because of his behavior in kicking in the glass of a vending machine after not receiving the product for which he had paid. The vending machine, although not owned by employer Warner-Swasey was located in that company's cafeteria. Furthermore, the company was responsible for the machine's upkeep, safekeeping, and maintenance.

One day after the kicking incident, claimant met with two of the managers of Warner-Swasey. At the meeting, claimant was informed of his employer's knowledge of the incident, and it was suggested that claimant voluntarily resign from his employment or be subject to dismissal. Having refused to resign, claimant was discharged.

In March 1979, claimant applied for unemployment compensation. The Bureau of Employment Security determined that he was ineligible for benefits, on grounds of willful misconduct. The referee affirmed the Bureau's determination, and the Board affirmed the referee's decision. The instant appeal followed.

The sole issue for this Court's determination is whether the claimant's behavior was serious enough to amount to "willful misconduct" under Section 402(e) of the Act.

The question of whether an employee's actions which caused his dismissal rose to the level of willful misconduct is one of law subject to our review. *E.g.,*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e).

*Nyzio v. Lee Tire and Rubber Co.*, 26 Pa. Commonwealth Ct. 600, 364 A.2d 981 (1976). "Willful misconduct" that disqualifies an unemployment compensation claimant from benefits includes conduct which involves a conscious disregard of his employer's interests and a disregard of the standard of behavior which an employer has a right to expect of his employees. *Barnett v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 360, 408 A.2d 195 (1979). The burden of proving such conduct is on the employer. *Glasser v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 29, 404 A.2d 768 (1979).

Claimant contends that his act was not of sufficient seriousness to be deemed "willful misconduct." He asserts that the incident in question was simply an accident and that he acted "out of frustration." We must hold that claimant's contentions afford no basis for appellate relief.

In the instant case, the Board found that the claimant's behavior was not accidental, rather, it was purposeful and intentional. It has been consistently held by this court that the Board is the ultimate fact finder and is empowered to resolve conflicts in evidence and to determine the credibility of witnesses in unemployment compensation proceedings. *E.g., Crilly v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 221, 397 A.2d 40 (1979). The Board is not required to accept as true even uncontradicted testimony. *E.g., Garman v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 589, 399 A.2d 1172 (1979).

It is clear that the claimant's behavior exhibited a total disregard toward the standard of behavior his employer could rightfully expect of him. It is reasonable for an employer to expect its employees not to deliberately damage property for which it is or

can be held responsible. An employee's actions, resulting in the destruction of such property, cannot be justified merely because the employee was acting "out of frustration." For, while such actions may be triggered by emotion, they are volitional, deliberate, and intentional responses.

For the reasons set forth, we must affirm the Board's order.

AMENDED ORDER

AND Now, April 14, 1981, the Order entered April 8, 1981, is amended to read as follows:

AND Now, this 8th day of April, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-173263-B is affirmed.

Judge MacPHAIL dissents.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.