Dora M. Teasley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Arnold H. Cantor, Cantor and Levine, P.C.,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 9, 1981:

Dora Mae Teasley (claimant) appeals from an Order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits to the claimant on the grounds of willful misconduct.

The claimant was employed by the Welfare Rights Organization of Pittsburgh (WRO) for approximately twenty-one months as an advocate. She was assigned to the Eastern and Southern Welfare Offices in Pittsburgh. These offices are located in the state office building in Pittsburgh. The claimant's assignment to these offices was permanent, and she was not authorized to change her assignment.

On August 20, 1979 claimant failed to report to either of her assigned offices, but went instead to the North County Office, which is located in a different building, at a separate address. She spent most of the day at the North County Office; as a result, her supervisor was unable to locate her for most of the day. Due to her failure to appear at her assigned offices on the day in question, the claimant was terminated by the executive director of WRO on August 20, 1979.

After being discharged, claimant applied for unemployment compensation benefits. Her application was denied by the Bureau of Employment Security (Bureau)[1] under Section 402(e) of the Unemployment Compensation Law,[2] which provides that one who is terminated from employment due to willful misconduct is ineligible to receive benefits. Claimant appealed the Bureau's determination to a referee, who affirmed the Bureau after a hearing. The referee's decision was appealed to the Board, which affirmed, and this appeal followed.

A deliberate refusal to comply with an employer's rule ordinarily constitutes willful misconduct; however, whether such violation constitutes willful misconduct disqualifying one from unemployment compensation depends upon whether the rule is reason-

[1] The Bureau of Employment Security is now the Office of Employment Security.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

able, and if so, whether the employee had good cause to violate the rule. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976); *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). The employer has the burden of proving the claimant's willful misconduct. In a rule violation case, this means the employer must prove the rule and the fact of its violation, but if the employee attempts to justify the violation, the burden shifts to the employee to establish good cause; and a separate finding on the issue of good cause is required. *Frumento, supra.*

In the instant case, the employer's representatives testified before the referee that the claimant had been told, both individually and at staff meetings, that she was assigned specifically to the Eastern and Southern offices of WRO; and that she had been previously warned about not being at her assigned offices during work hours. Further testimony establishes that the claimant was not where she was supposed to be on the date in question, and that she failed to advise her employer of her whereabouts. We are satisfied that the preceding testimony supports the Board's conclusion that the employer has proved both the existence of a reasonable rule, and the fact that claimant violated the rule.

Once the foregoing was established, the burden shifted to the appellant to establish good cause for her violation of the employer's rule. On the record before us, we must agree with the Board that the claimant failed to carry her burden. It is nonetheless her contention that the Board erred as a matter of law in affirming the referee, because the referee failed below to make a specific finding on good cause, as required by *Frumento, supra.* We disagree. The referee's decision contains the following.

432

REASONING:

... The employer's rules requiring employees to report to their assigned offices is (sic) reasonable, and the claimant did not have good cause for violating the rule. ...

This language clearly demonstrates that the referee considered the good cause issue below; and the claimant's contention to the contrary is without merit.

The Order of the Unemployment Compensation Board of Review is affirmed.

ORDER

AND Now, the 9th day of July, 1981, the Order of the Unemployment Compensation Board of Review, at Decision No. 179701, dated January 14, 1980, is affirmed.