Murry's Steaks, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Rochelle Eisenberg,* with her, *Edward J. Gutmann, Blum, Yumkas, Mailman & Gutman, P.A.,* and *Thomas Beckley, Grove & Madden,* for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him, *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 5, 1982:

This is an appeal by claimant's employer, Murry's Steaks (Murry's), from an order of the Unemployment Compensation Board of Review (Board) reinstating an earlier order granting unemployment compensation benefits to claimant, Edward Doughty.

Claimant, Doughty, was last employed as a store manager by Murry's until his termination on September 17, 1977. Claimant was discharged as a result of his alleged participation in union activities. This alleged union activity, Murry's asserted, constituted willful misconduct on the part of the claimant, as it was inimical to the best interest of claimant's employer.

In October, 1977, the claimant filed an application for unemployment compensation benefits. The Office of Employment Security initially issued a determination granting benefits to the claimant. However, the Office subsequently rendered a revised determination denying benefits to the claimant under Section 402(e)

of the Unemployment Compensation Act (Law).[1] In addition, the Board decided that claimant had received a fault overpayment pursuant to Section 804(a) of the Law.[2] The claimant appealed from these determinations, and a referee's hearing was held. The referee affirmed the Office's determination with respect to the denial of benefits under 402(e), but classified the overpayment as nonfault, recoupable under Section 804(b).[3] Claimant then appealed the referee's decision to the Board. The Board affirmed and the claimant requested a reconsideration of the Board's decision. Claimant's request was granted; the Board vacated its decision and remanded the matter to a referee who sat as a hearing officer for the Board. Following the hearing, the Board issued a decision reversing that of the initial referee,[4] thereby granting benefits to the claimant. The Board reasoned that claimant's actions had not risen to the level of willful misconduct to justify a denial of benefits. Subsequently, claimant's employer, by letter, requested that the Board reconsider its second decision. Once again the Board vacated its decision this time scheduling the case for oral argument. The case was heard and on March 2, 1979, the Board issued an order reinstating its prior decision granting benefits. Murry's then perfected an appeal to this Court.

The sole issue facing this Court is whether the claimant's behavior qualified as willful misconduct under Section 402(e) so as to warrant a denial of benefits.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] 43 P.S. §874(a).

[3] 43 P.S. §874(b).

[4] Frances Mangold acted as both referee at the claimant's first hearing and as hearing officer for the Board at the remand hearing. The reference to an initial referee is used merely to distinguish between Referee Mangold's two roles.

Petitioner, claimant's employer, contends that claimant attempted to organize a union and, in so doing exposed his employer to charges of unfair labor practices. Such behavior, petitioner argues, constitutes willful misconduct as it is in total disregard of the company's interests as well as contrary to the standard of behavior an employer can rightfully expect of an employee. The Board found that claimant's actions did not rise to the level of willful misconduct. We agree.

Our review of the record indicates that petitioner's arguments are erroneous and unsupported by the evidence. Petitioner's only support for its allegation was the observance of a conversation between claimant and a union representative.

In order to constitute willful misconduct an employee's behavior must demonstrate a wanton and willful disregard of his employer's interests, a deliberate violation of an employer's rules, or a disregard of the standards of behavior an employer can rightfully expect of its employees. *Semon v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 501, 417 A.2d 1343 (1980). Conversations with union representatives cannot be held to be action sufficient to rise to the level of willful misconduct.

Thus, the Board's findings are supported by the record, and it acted properly in granting the claimant benefits. Accordingly, we must affirm the Board's order.

### Order

And Now, the 5th day of January, 1982, the Order of the Unemployment Compensation Board of Review at Decision No. B-154502-B, granting benefits, is affirmed.

620

## Amended Order

And Now, January 11, 1982, the Order entered January 5, 1982, is amended to read as follows:

AND NOW, the 5th day of January, 1982 the Order of the Unemployment Compensation Board of Review at Decision No. B-154502-D, granting benefits, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge Palladino.