Pauline R. Downes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 3, 1983, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Niles Schore,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, March 14, 1983:

Pauline R. Downes (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which denied her benefits under Section 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a) (failure to apply for suitable work).

The Board's findings are not disputed. The claimant was last employed as a clerk with the Phillipsburg State General Hospital at the rate of $3.68 per hour. Her separation from this job on June 5, 1981, is not at issue. What is at issue are the events of June 19, 1981, on which day she was referred by the Office of Employment Security to the Viceroy Manufacturing Company (Viceroy), an employer seeking payroll clerks and offering $3.35 per hour, and the Board found that the proffered employment at Viceroy was within the claimant's capabilities and previous pay scale. She did not accept the referral to Viceroy, because she was waiting for a telephone call that day from the police, who were going to inform her whether or not a police officer would be present on the following day when her estranged husband was to return their daughter from a court-ordered visitation.

She made no attempt to make other arrangements either with the police or with Viceroy.

Section 402(a) of the Law, 43 P.S. §802(a) provides in pertinent part:

An employe shall be ineligible for compensation for any week—

[i]n which her *unemployment is due to failure, without good cause, either to apply for suitable work* at such time and in such manner as the department may prescribe, or to accept suitable work when offered to her by the employment office or by any employer, irrespective of whether or not such work is in "employment" as defined in this act. . . . (Emphasis added.)

"Good cause" under this section has been interpreted to be synonymous with "good faith", which includes behavior which is consistent with a genuine desire to be employed. *Daley v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 629, 426 A.2d 1299 (1981). The burden of showing good cause lies with the claimant. *Lace v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 622, 425 A.2d 865 (1981). And where the Board has ruled against the party with the burden of proof, our scope of review is limited to a determination as to whether or not the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Id.*

The claimant argues, that her need to prevent violence during the emotional scene which she expected the following day amounted to good cause for her failure to contact Viceroy either that day or the next. The Board argues, however, that the claimant had approximately six hours available on the day concerned beyond the time required to report to Viceroy

578

in which to make alternate arrangements with the police, and that she could have informed them when she would be away from the phone. She made no such effort, and although we can sympathize with her and we are aware of the emotional strains associated with broken marriages and homes, we are nonetheless bound to follow the mandates of the Law, and to hold, as a matter of law, that her behavior has not evidenced a genuine desire on her part to be employed. *Daley.*

Finding no error of law or capricious disregard of the facts, on the part of the Board, we must, therefore, affirm the Board's order.[1]

ORDER

AND Now, this 14th day of March, 1983, the order of the Unemployment Compensation Board of Review in the above-capationed matter is hereby affirmed.

---

[1] The claimant alternatively requests a remand for additional fact-finding on the issue of good cause. The facts before this Court are clear and consequently a remand would not be conducive to administrative or judicial economy.