Michael L. Barksdale, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1983, to Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

*Rosalia G. Parker,* for petitioner.

*Michael Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Blatt, January 10, 1984:

Michael L. Barksdale (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct).

The claimant was last employed as a janitor for Commercial Property Services, Inc. (employer). A dispute arose among the claimant, the employer and the union regarding the deduction of union dues from the claimant's paycheck. The procedure had been for the employer to deduct union dues automatically from employee paychecks and to submit the fees so collected to the union. The claimant had previously signed the prescribed union dues deduction authoriza-

tion form, as was required before the employer could handle the deductions. He was off work for a brief period due to a work-related injury for which he received workmen's compensation benefits, and, after his return, the employer deducted additional union dues so as to compensate for the claimant's failure to pay dues during the time spent receiving workmen's compensation. The claimant, upset at the extra deduction, sought an explanation from the employer and the union and, not being satisfied, later went to the employer's office, reached across the secretary's desk, and destroyed the authorization form by tearing it. In accordance with the company's posted rules and policies, he was then discharged for destruction of company property (the form). The referee denied benefits holding that the claimant had been guilty of willful misconduct, the Board affirmed, and the instant appeal followed.

The employer, of course, has the burden of proving the assertion that a claimant was discharged for willful misconduct. *Unemployment Compensation Board of Review v. Bacon*, 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976). And where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to question of law and a determination as to whether or not the Board's findings are supported by substantial evidence. *Jula v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 353, 409 A.2d 953 (1980).

The claimant argues first that the findings were not supported by substantial evidence, asserting that he was provoked into his action by his inability to resolve his problem amicably, and that what he did cannot be said to rise to the level of willful misconduct as defined in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of*

*Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

Here, however, the claimant violated a known and reasonable company rule, and such an act may constitute willful misconduct unless justification or good cause for the rule violation can be shown. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). The claimant's frustration due to the lack of a solution satisfactory to him was clearly no justification for his rule violation, and, as we held in *Rodrigques v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 362, 427 A.2d 1255 (1981), a denial of benefits under the willful misconduct provision was justified where the claimant destroyed company property and we noted there that the "employee's actions . . . cannot be justified merely because the employee was acting 'out of frustration' ". *Id.* at 366, 427 A.2d at 1256.

The claimant also asks for a remand, alleging that the referee failed to comply with 34 Pa. Code §101.21 (a) which provides:

> In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties.

The record indicates, however, that the referee here did advise the claimant of his right to have an attorney represent him at the hearing, to present witnesses in his behalf and to cross-examine those witnesses presented against him. And, the claimant argues further that, although the referee perfunctorily advised him of these rights, there was no effort made

to "aid him in examining and cross-examining witnesses" or to "give him every assistance compatible with the impartial discharge of [his] official duties". We see no merit in this argument, either. Where the referee fails to inform the claimant of his rights and this adversely effects the presentation of the case, then remand is in order. *See Snow v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981). Here, however, we are not concerned with any omission of advice as to counsel and examination of witnesses, *Mayberry v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 611, 437 A.2d 132 (1983), but with an alleged lack of aid and assistance in the development and presentation of the case. We have carefully reviewed the transcript of the hearing, and, although it is evident that the claimant did have some difficulties understanding the procedures to be followed and some of the terminology employed, we do not believe that the referee was remiss in not taking a more active role in the development of the claimant's case. The record even indicates, moreover, that at one point the referee did assist the claimant by objecting on relevancy grounds to a line of questioning by the employer, and there was little more that the referee could do. His primary role is as an impartial decision-maker, and the evidence presented here by the employer was clearly indicative of willful misconduct. The necessary facts were developed, and there was no showing of prejudice.

The order of the Board is, therefore, affirmed.

ORDER

And Now, this 10th day of January, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.