504 A.2d 992

E. T. Systems Corporation, a Pennsylvania corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Ernest B. Orsatti, Jubelirer, Pass & Intrieri,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, February 21, 1986:

The E. T. Systems Corporation (employer) appeals here an order of the Unemployment Compensation Board of Review (Board) reversing a referee's decision which had denied Robert L. Wieland (claimant) benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct).

The Board's extensive findings reveal that the claimant last worked as an A-1 technician; that he was an active member in the International Brotherhood of Electrical Workers, Local Union 126; that he had protested employee layoffs and had accused the employer of subcontracting work out to non-union employees; that the employer's president had asked him to quit in June 1982 on the grounds that he was a "troublemaker;" that he refused to quit; that he had been transferred on June 18, 1982 from the main office in Monroeville to the office located in Mt. Lebanon-Upper St. Clair; that he became the union shop steward at his new work site on July 9, 1982; that he received a warning on July 22, 1982 regarding unauthorized use of the employer's telephone for long distance phone calls made in March, April and May of 1982; that he thereafter reimbursed the employer for such calls; that the employer did not have a telephone policy addressing the use of the phone for personal calls in effect until May 26, 1982; that, on August 3, 1982, the employer directed all employees to bury the cable or "drop" at the time of installation; that the claimant failed to bury the "drop" at the time of installations made on August 23 and 31, 1982; that the employer warned him on September 1, 1982 that any subsequent failure to bury the "drop" would result in his dismissal; that the claimant again failed to bury the

"drop" on September 7, 1982 when his pick broke; that he scheduled himself to return to finish the job on September 28, 1982; that the president "collaborated" with the employer's administrative assistant and director of operations in deciding to fire the claimant; that the claimant's discharge was "allegedly" for "inferior work performance, substandard work levels, unauthorized scheduling of service calls, negative conduct, carelessness and theft of services;" and that the claimant had performed his job to the best of his ability and did not intentionally, without good cause, violate any employer policy.

The employer's primary contention here is that the Board erred when it substituted its findings for those of the referee, citing violation of our Supreme Court's decision in *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1983). It argues that the Board improperly disregarded ten of the referee's fifteen findings of fact in that those findings were based on consistent and uncontradicted testimony. Additionally, the employer contends that the *referee's findings* support a conclusion that the claimant is ineligible for unemployment compensation benefits under Section 402(e) of the Law.

> In Treon, our Supreme Court stated that, while [t]he Board certainly [has] the right to disbelieve appellant's testimony, even though that testimony was uncontradicted, . . . the Board [does] not have the right to arbitrarily and capriciously disregard the findings of the referee after the referee had listened to the testimony of the only witness and observed his demeanor, and had made findings of fact based upon that uncontradicted testimony.

*Id.* at 460-61, 453 A.2d at 962. The Court concluded that

> [i]f particular findings are inconsistent, incredible or unsupported by the evidence, the Board must so indicate. *The Board may not, however, simply disregard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reasons for doing so.*

*Id.* at 461, 453 A.2d at 962 (emphasis added). Under *Treon,* therefore, we believe that the Board can substitute its findings for those of the referee, even where the referee's findings are based on consistent and uncontradictory testimony, *if* the Board states its reasons for the substitution. *Cf. Hinds v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 68, 474 A.2d 422 (1984) (this Court reinstated a finding of the referee where the Board disregarded that fact without explanation).

Following a careful review of the record and of the employer's contentions, we do not believe that the Board acted here contrary to the Supreme Court's holding in *Treon.* The majority of the referee's findings were based on contradictory evidence and, in such circumstances, the Board need not provide an explanation for substituting its own findings. *Treon.* We would emphasize that the Board remains the final arbiter of a witness' credibility, *Treon* and *Rodrigquez v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 362, 427 A.2d 1255 (1981), and that the Board's decision to believe one witness over another is consequently conclusive. *Id.*

Additionally, our thorough review of the record has convinced us that the Board did not capriciously disregard any evidence offered by the employer. Fur-

thermore, the Board provided sound legal reasoning in discussing why it reversed the referee's decision, noting that the unauthorized phone calls had been made by the claimant at a point too far removed from the time of his dismissal to support a finding of willful misconduct, *Tundle v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979); that, while an employee's poor work performance may be grounds for dismissal, mere incompetence can not support a finding of willful misconduct, *Sacks v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 31, 459 A.2d 461 (1983); and that the claimant's failure to bury the "drop" was justified in light of the fact that the job became impossible to complete on that day after his tools broke, *see Teasley v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 428, 431 A.2d 1155 (1981). The Board further stated that it could not overlook the fact that the employer's president admitted to requesting claimant's resignation in June 1982 because he was a "troublemaker" and that the claimant had filed a number of grievances against the employer and had served as a union shop steward. Clearly, participation in labor union activities does not constitute willful misconduct, *see Murry's Steaks v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 616, 438 A.2d 1020 (1982).

We believe, therefore, that the Board did not err as a matter of law in reversing the referee and that it satisfied the requirements established for such a reversal under *Treon.*

As to the employer's further argument that the *referee's* findings supported a denial of benefits, we must note that where the Board has properly substituted its findings and conclusions for those of the

referee, it is the Board's decision which is subject to our review, not the referee's.

Accordingly, we will affirm the Board's order.

ORDER

AND Now, this 21st day of February, 1986, we hereby affirm the order of the Unemployment Compensation Board of Review in the above-captioned matter.