531 A.2d 533

William R. Shaffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 6, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Veronica Giel Wright, Neighborhood Legal Services Association,* for petitioner.

*Patricia Krise Bilzi,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, September 17, 1987:

William R. Shaffer (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 402(a) of the Unemployment Compensation Law (Law).[1]

Claimant was employed as a janitor by Quality Building Services, Inc. (Employer) for approximately eight months at a final rate of pay of $3.45 per hour. Claimant worked 30 hours per week for the Employer at the Jamesway store in Beaver Falls, Pennsylvania, until May 31, 1985, when the store was destroyed by a tornado. The Jamesway store was located eleven miles from Claimant's residence.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

On June 1, 1985, the Employer's District Manager offered Claimant similar employment at a store in Greentree, Pennsylvania, which was located approximately forty miles from his home. The new position was to be at the same rate of pay[2] and Claimant was given the option of working six or seven days per week for four hours per day. Claimant refused the offer of the new position because there was no public transportation available and he felt the distance to Greentree, Pennsylvania, was too far to drive. On or about June 4, 1985, the District Manager suggested that Claimant form a car-pool with two other employees and offered ten dollars per day to the driver in an attempt to defray transportation expenses.[3] Claimant still refused to accept the new position.

The Office of Employment Security found that the distance to Greentree, Pennsylvania, was not a suitable distance to drive and granted Claimant benefits. The Employer appealed and the referee reversed, denying benefits pursuant to Section 402(a). The Board affirmed and adopted the findings of the referee.

Our analysis of a claimant's eligibility under Section 402(a) requires a two prong inquiry. We must determine first whether the proffered work was suitable and second whether the failure to accept such work was

---

[2] Claimant contends the rate of pay for the new position was $3.35 per hour, however the Board accepted the Employer's testimony that the rate of pay was $3.45 per hour. As the Board is empowered to resolve conflicts in the evidence and is the final arbiter of credibility, *Rodrigques v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 362, 427 A.2d 1255 (1981), we must accept its finding that the rate of pay for the new position was $3.45 per hour.

[3] Claimant disputes the testimony of the Employer's District Manager that the ten dollars was offered per day. For the same reasons as set forth in footnote two, we must accept the Board's finding that the ten dollars was offered on a daily basis.

without good cause. Claimant contends that the offer of employment was not suitable and that he had good cause for refusal, as Greentree, Pennsylvania, was an excessive distance for him to commute.

Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Section 402(a) provides in pertinent part:

An employee shall be ineligible for compensation for any week—

(a) In which his employment is due to failure, without good cause, . . . to accept suitable work when offered to him by the employment officer or by any employer.

Suitable work is defined as:

. . . all work which the employee is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and *the distance of the available work from his residence.* The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence.

Section 4(t) of the Law, 43 P.S. §753(t) (emphasis added).

Under Section 4(t) of the Law, the commuting distance for available work is just one factor which the compensation authorities must consider in determining its "suitability" (*i.e.* whether a claimant is capable of performing the offered position). In the case at hand, the Board determined that the new position was suitable despite the fact that it was located approximately forty miles from Claimant's home. In light of the fact that the Employer offered Claimant ten dollars to defray expenses we cannot say as a matter of law that the Board erred in determining that the proffered employment was suitable.

Claimant also argues that he was told that salary for the new position would be ten cents less per hour than the salary he received at the Jamesway store. The Board however chose to accept the District Manager's testimony that the new position was offered at the same rate of pay that Claimant had been receiving. The Board is the ultimate finder of fact and is empowered to resolve conflicts in evidence. *Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975). The Board's finding concerning the rate of pay for the new position is based on substantial evidence and thus binding on us.

Under Section 402(a), the Claimant has the burden of proving good cause for refusing an offer of suitable employment. This court has defined "good cause" as "a 'good faith' effort consistent with the genuine desire to work and includes overcoming, as far as is reasonably possible, any obstacles to the acceptance of an offer of work." *Jurkiewicz v. Unemployment Compensation Board of Review*, 83 Pa. Commonwealth Ct. 141, 144, 477 A.2d 583, 585 (1984). Although Claimant maintains that the commuting distance to and from Greentree, Pennsylvania, was excessive, he did not show he made any reasonable attempt to resolve the transportation

problem. Although Claimant testified there was no public transportation to Greentree, Pennsylvania, from his residence, he did not attempt to work out alternative transportation arrangements even after the Employer's District Manager offered to offset additional transportation expenses. Claimant's failure to do so is inconsistent with the desire to work and be self-supporting which is required under Section 402(a). *See Hill v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 141, 415 A.2d 711 (1980) (claimant failed to establish good cause for refusing proffered employment which required a sixty mile round trip commute where the record was devoid of any effort on his part to overcome the transportation problem).

Cases decided under Section 402(b) of the Law, 43 P.S. §802(b), addressing whether a voluntary quit was made for a necessitous and compelling reason are persuasive when making a determination as to whether the refusal of an offer of work was for good cause under Section 402(a).[4] We have held that a sixty mile commute to

_____

[4] In *Savage Unemployment Compensation Case,* 401 Pa. 501, 165 A.2d 374 (1960), our Supreme Court held the terms "good cause" and "cause of necessitous and compelling nature" to be synonymous. *Accord Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977) ("good cause" equivalent to cause which is "necessitous and compelling"). *See also Lattanzio v. Unemployment Compensation Board of Review,* 461 Pa. 392, 336 A.2d 595 (1975) (recognizing that "good cause" has been defined as a "necessitous and compelling reason"); *Zysk v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 409, 316 A.2d 663 (1974) (a claimant who refuses an offer of suitable employment is only eligible for benefits where the refusal is for a necessitous and compelling reason). *But cf. Trexler v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 180, 365 A.2d 1341 (1976) (1955 amendment to §402(b), which replaced "good cause" and accompanying exceptions with terms "necessitous" and "compelling nature" and left "good cause" in §402(a), indicates legislative intention to create separate tests in §402(a) "refusal" cases and §402(b) "voluntary termination" cases).

work, involving three hours of travel time, did not constitute a necessitous and compelling cause for voluntary termination under Section 402(b), *Musguire v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 137, 415 A.2d 708 (1980).

This Court has consistently held that in order for transportation inconvenience to justify a voluntary quit under Section 402(b), a claimant must prove that the inconvenience presented an insurmountable problem. This same standard has been applied to determinations of good cause in Section 402(a) refusal cases. *Daley v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 629, 426 A.2d 1299 (1981). Claimant has simply not demonstrated that the additional fifty-eight or so miles[5] which he would have to travel to the position in Greentree, Pennsylvania, creates an insurmountable problem. Despite Claimant's assertions to the contrary, the circumstances of this case are unlike those presented to us in *J.C. Penney Co., Inc. v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 445, 457 A.2d 161 (1983). In that case the claimants were eighty-two former employees of J.C. Penney Co., Inc., who voluntarily terminated their employment when the employer relocated to a new site. We upheld the Board's grant of benefits[6] where the claimants demonstrated that commuting to the new location would require an expenditure equal to ten percent of their weekly gross salary. In the case at hand,

---

[5] The Board found that the proffered employment in Greentree, Pennsylvania, was approximately forty miles from Claimant's residence. As Claimant had been traveling twenty-two miles roundtrip to work at the Jamesway store, the new positon would require that he travel an additional fifty-eight miles per day.

[6] The Board in *J.C. Penney*, found that the claimants were not ineligible for benefits under Section 402(b)(1) of the Law, 43 P.S. §802(b)(1) (current version at 43 P.S. §802(b)).

Claimant, having the burden of proof, failed to submit any evidence on the actual cost of transportation to the new location. Further, the employer in *J.C. Penney,* did not offer to defray the claimants' transportation expenses as in the instant case.

After a careful review of the record we are unable to say that the Board committed an error of law in determining that the proffered employment was suitable and that Claimant failed to demonstrate good cause for refusing to accept it. Accordingly, we will affirm the Board's order.

ORDER

AND NOW, this 17th day of September, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.