545 A.2d 434

Kenneth R. Dehus, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1988, to Judges Doyle and McGinley, and Senior Judge Kalish, sitting as a panel of three.

*Randal E. McCamey*, for petitioner.

*Bernadette Paul*, Assistant Counsel, with her, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

Opinion by Judge McGinley, August 3, 1988:

This is an appeal by Kenneth R. Dehus (Claimant), from the Order of the Unemployment Compensation Board of Review (Board), dated March 5, 1987, which affirmed the decision of the Referee denying unemployment compensation benefits due to willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed as a Vice-President and plant coordinator for Dura-Corp (Employer) from September 1, 1984, until his discharge on May 12, 1986.[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] At the hearing before the Referee, Employer opposed an award of unemployment compensation on two alternative theories:

He had been hired to coordinate the opening of operations at the Employer's new plant. During the month of April, 1986, Claimant frequently was absent from work. Claimant was discharged as a result of his alleged interference with the work of certain German technicians.

The Office of Employment Security (OES) issued a notice of determination denying Claimant compensation benefits due to willful misconduct. Claimant appealed from that determination, and the Referee affirmed. Claimant appealed to the Board which affirmed the Referee's decision, and Claimant timely filed an appeal with this Court.

Claimant maintains that the Board erred by denying his request for a remand for the taking of additional testimony. He also maintains that certain findings of the Board were not supported by substantial evidence.

Our scope of review is well established. We are limited to affirming the Board's decision unless there was an error of law, a party's constitutional rights were violated, or if the necessary findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

---

first, that claimant voluntarily resigned on May 5, 1986, and second, that Claimant was discharged due to willful misconduct. Employer had requested a postponement in order to present evidence on the resignation theory which request was denied at first. During the hearing the Referee decided that further testimony was needed and that the denial of the postponement had been improvident. The Referee and the parties agreed to take testimony relative to the theory of willful misconduct and to take testimony at a later time with respect to the question of whether or not Claimant had resigned. No further testimony was taken due to the decision of the Referee that Claimant had been discharged for willful misconduct. Record Item (Item) No. 7, Notes of Testimony, December 15, 1986, (N.T.) at 5, 12-13.

We first address Claimant's procedural contention that the Board abused its discretion by failing to remand the case for the taking of additional testimony. Claimant alleges that the matter should have been remanded because he had no notice prior to the Referee's hearing of the specific charges of willful misconduct about which Employer testified and based upon which the Referee denied compensation; that the lack of notice prevented him from preparing a defense; and that, consequently, his due process rights were violated.

A review of the procedural history corroborates Claimant's allegations, but it also reveals a crucial defect in his plaint. Claimant received a Notice of Determination from the OES advising him that his application was denied on the basis of willful misconduct, Section 402(d) of the Law. Under the "Findings of Fact" section, the Claimant was advised that the reasons for his separation from employment were considered willful misconduct because "of the actions he performed which were not in the employers [sic] best interests." Claimant was represented by counsel at the hearing before the Referee. Claimant neither objected to the lack of notice in the Notice of Determination, nor requested a continuance. At no time during the hearing did Claimant state that the lack of notice prejudiced him, either by preventing him from issuing subpoenas to witnesses or by preparing a defense.[3]

---

[3] At the beginning of the hearing Claimant's attorney complained that he had not received a copy of the letter which Employer had sent to the OES in which Employer detailed the conduct which allegedly led to Claimant's dismissal. No regulation requires that such a document be provided to a claimant in advance of the hearing. (N.T. at 3.)

At the end of the hearing Claimant's attorney did state that Claimant was unable to subpoena certain witnesses because these witnesses were "without the subpoena power of this tribunal." (This statement was most likely a reference to the authors of letters

Claimant's attorney first raised the issue of lack of notice in a letter which he sent to the Referee dated December 17, 1986, two days after the December 15 hearing. (December 17, 1986, was also the mailing date of the Referee's decision. Presumably the two missives crossed each other in the mail.) In this letter Claimant's attorney mentioned that Claimant had not received notice of the pertinent issues, and he stated that Claimant was willing to provide further testimony, but he did not *request* that further testimony be taken.[4] Subsequently, Claimant's attorney filed an appeal with the Board and requested that the Board take additional evidence.[5] The

which Claimant introduced into evidence. These people resided in Canada and Germany, respectively. Item No. 7, Claimant's Exhibits 1, 2.) Claimant had a similar opportunity, which he failed to exercise, to advise the Referee that he was unable to subpoena witnesses due to the lack of notice. (N.T. at 45.)

[4] The text of this letter reads as follows:

During the hearing of December 15, 1986, Mr. Dehus could not recall why he had remained at home throughout the day of Sunday, May 11, 1986. Having not received a copy of the Employee's [sic] letter to the Office of Employment Security, we were unaware that this particular date would be at issue. However, subsequent to the hearing and upon looking at a calender [sic], he realized that the reason was that that was Mother's Day.

If you desire testimony on this point, kindly contact me. I am only bringing this point to your attention as I believe it s [sic] one of which you may take judicial notice.

Item No. 7, Unnumbered exhibit.

[5] The letter to the Board states in relevant part as follows:

In addition, claimant hereby requests, pursuant to the Board's authority under 43 Pa. C. S. A. §824, that the Board take additional evidence. Claimant was unaware of the basis for denial and the alleged facts presented at the time of the Referee's hearing. Accordingly, claimant wishes to present testimony of witnesses who were unavailable at the time—and not known to be needed—to refute Employer's claims.

Item No. 9.

Board denied the request for a remand, holding that Claimant had received proper notice, and affirmed the Referee's decision.

Although Claimant frames the failure to remand issue in terms of abuse of discretion by the Board, Claimant's contention properly should be analyzed in terms of error of law. 34 Pa. Code §101.104(c) controls whether the taking of new testimony is permitted or required. This section states as follows:

> Under section 504 of the Unemployment Compensation Law (42 P.S. §824), the Board may affirm, modify or reverse the decision of the referee on the basis of the evidence previously submitted in the case, or the Board, in its discretion, may direct the taking of additional evidence, if in the opinion of the Board, the previously established record is not sufficiently complete and adequate to enable the Board to render an appropriate decision. The further appeal shall be allowed and additional evidence required in any of the following circumstances:
>
> . . . .
>
> (2) It appears that there may have been a denial of a fair hearing under the rules.

34 Pa. Code §101.104(c). Because Claimant alleged that he was denied his right to a fair hearing, the provisions of §101.104(c)(2) were applicable. The question then becomes not whether the Board abused its discretion by failing to remand for additional testimony to be taken, but whether the Board committed an error of law. We find that the Board did not err when it refused to remand the matter for the taking of additional testimony because Claimant failed to preserve the due process issue.

It may seem obvious that an unemployment compensation claimant waives review of an issue by failing

to raise it before the Referee when he has an opportunity to do so; yet, somewhat surprisingly, there is a paucity of case law which addresses this specific issue. Of course, the applicability of the doctrine of waiver to cases before the Board is well-established. The leading case is *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981). In that case the Supreme Court extended to unemployment compensation proceedings the concept of waiver, which it previously had applied to civil matters in *Dilliplaine v. Lehigh Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

The particular question in *Wing* was whether a legal theory was waived when it was presented for the first time on appeal before the Commonwealth Court. The facts in *Wing* are distinguishable because in the instant case Claimant did raise the due process issue during proceedings before the Board. Nevertheless, the Supreme Court's rationale, that an issue must be raised at the earliest possible opportunity, is dispositive.

> [T]he administrative law tribunal must be given the opportunity to correct its errors as early as possible; diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.

*Id.* at 117, 436 A.2d at 181.

Claimant had the opportunity to object to the lack of notice while the proceedings before the Referee were in progress. Claimant knew even before he entered the hearing room that he had not received notice of the charges against which he was required to defend. It was

incumbent upon Claimant to advise the Referee of his procedural objections at that time.[6]

Having been served with no notice of the charges against him, it is unquestionable that Claimant did not receive a full hearing.[7] Nevertheless, we have no choice

---

[6] Our application of *Wing* is in accord with the treatment afforded that case in *Merida v. Unemployment Compensation Board of Review*, 117 Pa. Commonwealth Ct. 181, 543 A.2d 593 (1988) (which interprets *Wing* as mandating that where an unemployment compensation claimant makes timely objections before the Referee, but does not list the alleged errors on his appeal form to the Board, he has waived review of the issues.)

[7] Although Claimant's waiver negates the need for this Court to reach the due process issue, we note that we disagree with the Board's determination that Claimant received proper notice.

> It has long been accepted that 'the constitutional guarantee of due process of law is equally applicable to administrative proceedings as it is to judicial proceedings.' . . . Included in this concept of due process is the requirement that such [hearing] notice 'must at the very least contain a sufficient listing and explanation of any charges so that the individual can know against what charges he must defend himself if he can.'

*Sterling v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 488, 491, 474 A.2d 389, 390 (1984) (citations omitted). It is clear that the vague reference in the Notice of Determination to "actions [Claimant] performed which were not in the employers [sic] best interests" did not provide proper notice to Claimant.

Furthermore, we reject the Board's argument that Employer's Board Minutes (Item No. 7, Employer's Exhibit 1) (Minutes) provided actual notice to Claimant. (Brief for Board of Review at 12.) Although the minutes refer very briefly to the conduct based upon which the Referee denied benefits, the minutes do not make clear that Claimant was discharged as a result of this conduct. "Although his [Claimant's] resignation was to take effect immediately, he nevertheless made an appearance at the New Stanton Plant on May 12, and *because of his interference with the German technical advisers, Mr. Eddy ordered him to leave the property.*" Minutes at 2.

but to find that Claimant waived review of his contention that he was denied due process. It follows as a logical consequence of the waiver that the Board did not err when it refused to remand for the taking of additional testimony.[8]

Next Claimant contends that certain of the Board's findings were not supported by substantial evidence. The Board made the following findings of fact:[9]

1. Claimant was last employed as a vice-president by Dura-Corp. from September 1984, at a final annual rate of $25,999 and his last day of work was May 12, 1986.

2. The claimant was absent from work on numerous occasions during April 1986 as a result of his dissatisfaction with the employer.

3. The employer had purchased machinery for its operations from foreign manufacturers.

4. As a result of this purchase, the employer required the assistance of technicians in order that a test run of this equipment might be properly conducted.

5. The test run was very critical to the efficient operation of the employer's business.

6. Scheduling of the test run was critical because the necessary technicians had a demanding work schedule.

7. The employer installed said machinery and scheduled a test run for it on May 9, 1986, and May 10, 1986.

---

[8] Although the Board's analysis was in error, this Court may affirm the result, which was correct. *Gregorious v. Workmen's Compensation Appeal Board (European Health Spas)*, 87 Pa. Commonwealth Ct. 86, 486 A.2d 564 (1985).

[9] The Board made some minor changes to the Referee's findings.

8. The claimant was aware or should have been aware of the test run to be conducted on May 9, 1986, and May 10, 1986, and of its importance to the employer.

9. The claimant was assigned by the employer to pick up the German technicians at Greater Pittsburgh Airport and take them to the employer's business location for the test.

10. The claimant picked up the German technicians on May 9, 1986, or May 10, 1986, at the airport and did not take them to the employer's business premises, but instead entertained them over the weekend.

11. On May 12, 1986, the claimant took the two German technicians to the employer's premises.

12. A technician from California had arrived and because the technicians from Germany were not there on May 10, 1986, and May 11, 1986, the technician could not do the test run.

13. On May 11, 1986, this technician returned to California.

14. The claimant knowingly distracted the two German technicians from the employer's business premises at the time material herein in order to interrupt the employer's business operation.

15. The claimant's services were terminated by the employer for intentional disruption of the employer's business operations.

16. As a result of the claimant's activities, the employer suffered a loss of production time and commissions.

17. The claimant has not shown good cause for his actions.

Claimant argues that attendance by the California technician was not necessary for performance of the test, and that the German technicians could have performed the test on Monday. Claimant thus concludes that even if he was responsible for the test not being performed over the weekend (which he denies), such conduct would not have resulted in a loss of production time and commissions to Employer. Claimant also contends that there was no testimony that Claimant knew that he was assigned the responsibility of taking the German technicians to the plant over the weekend, and that absent such knowledge his failure to do so was not willful.

Contrary to Claimant's contentions, testimony was introduced into evidence which supports these findings. Claimant's contentions must fail because essentially he merely is attacking the credibility of this evidence. The Board remains the final arbiter of a witness' credibility, and the Board's decision to believe one witness over another is consequently conclusive. *E.T. Systems Corporation v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 230, 504 A.2d 992 (1986).

Having thus disposed of Claimant's allegations of error, we affirm the decision of the Board.

### ORDER

Now, August 3, 1988, the order of the Unemployment Compensation Board of Review, No. B-256361, dated March 5, 1987, is Affirmed.

Senior Judge KALISH dissents.