596 A.2d 1264

**MOONLIGHT MUSHROOMS, INC., Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 1, 1991.

Decided Aug. 23, 1991.

**5.** I accept the majority's statement of the facts.

154

Henry J. Wallace, Jr., for petitioner.

John E. Herzog, Asst. Counsel, for respondent.

Alexander H. Lindsay, Jr., and Gary A. Hoffman, for intervenor, Patricia Rome.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

McGINLEY, Judge.

Moonlight Mushrooms, Inc. (Moonlight) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision to grant compensation benefits to Patricia Rome (Claimant) after determining that she was not ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).[1] We affirm.

Claimant was employed as a second shift "waterer" for Moonlight from June 5, 1975 through January 18, 1990. During the nine months prior to Claimant's discharge, numerous incidents of vandalism and harassment at Moonlight were reported by the employees. One of the incidents involved a physical attack on the Claimant. Moonlight's place of business is located in a mine which is dark and the only lighting permitted is from battery-powered lights worn on the hats of the employees.

On December 6, 1989, at the beginning of the second shift, a pornographic Christmas card was found in an underground bootroom. The card contained threats directed at the second shift workers. On December 8, 1989, Moonlight held a meeting with its employees concerning the card and informed the employees that the card would be taken to a handwriting analyst. An analytical handwriting expert subsequently determined that the handwriting on the card was Claimant's.

As a result, Moonlight subsequently held another meeting with Claimant and her local union representatives. Claimant was given three to four hours to provide information concerning the card. Claimant failed to provide any information and was discharged for willful misconduct effective January 18, 1990. On January 29, 1990, criminal charges were filed against Claimant in connection with the card in

1. Section 402(e) of the Law provides in part that "a[n] employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge for willful misconduct connected with his work."

the Court of Common Pleas of Armstrong County. These charges were eventually dismissed on July 18, 1990.

Claimant sought unemployment compensation benefits and Moonlight contested Claimant's application. On February 7, 1990, the Office of Employment Security (OES) issued a determination denying benefits to Claimant under Section 402(e) of the Law. Claimant appealed and a hearing before the referee was held on March 6, 1990.

At the hearing, Moonlight presented the testimony of Daniel Lucovich (Lucovich), its Employee Relations and Benefits Manager, Nancy Lahmers (Lahmers), its Vice President of Human Relations, and Shirley Solada (Solada), Operations Manager of Moonlight's Production Department. Although Moonlight was not represented by record counsel at the hearing, Lahmers,[2] acting as spokesperson, questioned Moonlight's witnesses.

Solada testified regarding 68 recorded incidents in nine months including bomb threats, cut hoses and acid being thrown at workers in the lower mine. N.T. at 8. Solada further testified that on December 6, 1989 Moonlight received the Christmas card which threatened the second shift waterers. N.T. at 8–9. Lucovich testified that Moonlight conducted an investigation of the Christmas card incident which involved handwriting analysis conducted by Mary Metzler (Metzler), a handwriting expert. N.T. at 11. Lucovich further testified that Metzler identified Claimant as the person whose handwriting was on the card. N.T. at 12. However, Moonlight did not present any testimony from Metzler because she was not present at the hearing. Instead, Moonlight attempted to introduce a letter from Metzler to which Claimant's counsel objected to as hearsay. N.T. at 11–12. Lucovich then added that Claimant was terminated for the threats against her co-workers contained in the writing on the card and lying to management about

2. Although Lahmers is not counsel of record for Moonlight and testified before the referee as a witness, Lahmers also informed the referee that she is an attorney. *See* Notes of Testimony, March 6, 1990 (N.T.), at 7.

the card during the investigation. N.T. at 13. Lahmers also testified that Claimant's termination was based solely on the card. N.T. at 24.

Although Claimant presented no evidence, the referee called her as a witness. N.T. at 25. On advice of her counsel, Claimant chose not to answer any of the referee's questions. N.T. at 25. Claimant also informed the referee that she would not answer any questions asked by Moonlight on cross-examination. N.T. at 25. The referee then concluded the hearing. At the time of the hearing the criminal charges were outstanding.

By written decision dated March 8, 1990, the referee concluded that Moonlight failed to establish that Claimant's discharge was attributable to willful misconduct. In her decision, the referee noted that Moonlight did not present any first-hand testimony from the handwriting expert and that Moonlight's witnesses testified that Claimant did not admit to the card incident. Referee's Decision, March 8, 1990, at 2. The Board affirmed the referee noting that Moonlight failed to present any competent first-hand evidence to sustain the allegations against Claimant. Board's Decision, May 11, 1990 at 2. Moonlight appeals.

 Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact are not supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). Where, as here, willful misconduct is alleged, the burden is on the employer to prove such misconduct. *Frick v. Unemployment Compensation Board of Review*, 31 Pa.Commonwealth Ct. 198, 375 A.2d 879 (1977).

Moonlight contends that Claimant's refusal, on advice of counsel, to answer Moonlight's questions, constitutes grounds for a rehearing. Specifically, Moonlight contends that Claimant does not have the right to remain silent at an unemployment compensation hearing and that Claimant

should have been required to answer Moonlight's questions at the referee's hearing. Moonlight requests that this Court remand for a rehearing. Alternatively, Moonlight contends that the existing record establishes that Claimant engaged in willful misconduct and must be denied unemployment compensation benefits.

██ Moonlight initially contends that Claimant was called as a witness and that she should have been compelled to testify relying upon our Supreme Court's decision in *Vann v. Unemployment Compensation Board of Review*, 508 Pa. 139, 494 A.2d 1081 (1985). Moonlight contends that *Vann* establishes that a claimant or employer may not refuse to testify "in pursuit of a strategy based on the opponent's failure to produce sufficient evidence to meet his assigned burden." *Id.*, 508 Pa. at 147–148, 494 A.2d at 1085. *Vann*, however, does not eliminate reasonably necessary procedures in order to compel a witness' testimony. Section 508 of the Law provides:

> No person shall be excused from attending or testifying ... before the department, the board, or any referee or court, *in obedience to a summons or subpoena,* on the ground that the testimony ... required of him may tend to incriminate him ...; but no individual shall be prosecuted ... for or on account of any transaction, matter or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify.... [Emphasis added.]

43 P.S. § 828.

In the present controversy, Claimant was not served with either a summons or subpoena.[3] Both of these methods of

3. A summons and subpoena are defined as:
 Summons: Instrument used to commence a civil action or special proceeding and is a means of acquiring jurisdiction over a party. Writ or process directed to the sheriff or other proper officer, requiring him to notify the person named that an action has been commenced against him in the court from where the process issues, and that he is required to appear, on a day named, and answer the complaint in such action. Upon the filing of the complaint the clerk is required to issue a summons and deliver it for service to the

compelling Claimant's testimony were available to Moonlight, but were not pursued. In *Unemployment Compensation Board of Review v. Stiles,* 19 Pa.Commonwealth Ct. 38, 340 A.2d 594 (1975), we held that "the Board and the referees have the power and in fact an absolute duty to subpoena witnesses in order to render a proper final decision under the Act." [4]

However, in the case *sub judice,* Claimant was present at the hearing and was called as a witness by the referee. Claimant did not object to being called as a witness on the basis that she was not issued a summons or subpoena. Furthermore, Claimant did not argue that the referee either abused his discretion or acted as an advocate for Moonlight by calling her as a witness. Since Claimant was already present at the hearing and did not object to being called as a witness, we must conclude that a subpoena was unnecessary.

■ Consequently, Moonlight's failure, during the referee's hearing, to either object to Claimant's refusal to answer questions or to request that either the referee or the Board petition the common pleas court to compel Claimant to testify in accordance with the procedures set forth in Section 507 of the Law, 43 P.S. § 827,[5] amounts to a waiver

marshall or to a person specially appointed to serve it. (Citations omitted).
Black's Law Dictionary 1287 (3rd ed. 1986).
Subpoena: A subpoena is a command to appear at a certain time and place to give testimony upon a certain matter.
Black's Law Dictionary 1297 (3rd ed. 1986).

4. Section 506 of the Law, 43 P.S. § 826 provides, in pertinent part, that:

The department and the board shall have power to issue summons or subpoena to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed claim or the administration of this act.

5. Pursuant to this section, the Board or its duly authorized agent may petition the common pleas court to direct the person who was summoned or subpoenaed to appear before the Board, a referee or the common pleas court and give testimony or produce other such evi-

of this issue on appeal. In *Dehus v. Unemployment Compensation Board of Review*, 118 Pa.Commonwealth Ct. 344, 545 A.2d 434 (1988), we noted that where a party has an opportunity to object during the proceedings before the referee, it is incumbent upon that party to advise the referee of his objections at that time. *Id.*, 118 Pa.Commonwealth Ct. at 350, 545 A.2d at 437. In *Dehus*, a claimant failed to raise a due process issue before the referee, but did raise that issue before the Board. Nevertheless, we concluded that the claimant waived his contention by failing to raise it before the referee. *Id.* In *Dehus* we referred to our Supreme Court's decision in *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981) for the rule that an administrative law tribunal must be given the opportunity to correct its errors as early as possible and that the parties must be required to advance all legal theories before the tribunal to avoid a series of piecemeal adjudications. *Dehus*, 118 Pa.Commonwealth Ct. at 350, 545 A.2d at 436. In the present case, Moonlight neither objected to Claimant's failure to testify nor requested that the referee petition the common pleas court to direct Claimant to testify. In accordance with *Dehus* we conclude that Moonlight has waived this issue.

 This brings us to the question of whether Moonlight met its burden of proof by introducing substantial competent evidence of Claimant's alleged willful misconduct. The question of whether conduct rises to the level of willful misconduct [6] is a question of law to be determined by this Court. *Fritz.* Moonlight, over the objections of Claimant's counsel, introduced into evidence Metzler's handwrit-

---

dence as requested. Any person who refuses to obey the common pleas court may be punished for contempt.

6. Willful misconduct is defined as conduct that represents a wanton and willful disregard of an employer's interest, deliberate violation of rules, disregard of standards of behavior which an employer can rightfully expect from his employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interest or employee's duties and obligations. *Fritz v. Unemployment Compensation Board of Review*, 66 Pa.Commonwealth Ct. 492, 496, 446 A.2d 330, 332 (1982).

162

ing analysis report. However, Moonlight failed to present Metzler as a witness. N.T. at 3, 25–26. Metzler's report is hearsay and should not have been admitted because counsel for Claimant was denied the right to cross-examine. In *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976), this Court noted that "[h]earsay evidence, properly objected to, is not competent evidence to support a finding of the Board." *Id.*, 27 Pa.Commonwealth Ct. at 527, 367 A.2d at 370.

In the present case there is no other evidence in the record to support a finding that it is Claimant's handwriting that appears on the card. In fact, Moonlight's witnesses all admit that Claimant has denied any participation in the card incident. Also, we note that Claimant's refusal to testify does not amount to substantial evidence against her and cannot be used to corroborate Metzler's report. In *Harring v. Unemployment Compensation Board of Review*, 70 Pa.Commonwealth Ct. 173, 452 A.2d 914 (1982) we noted that a claimant's refusal to testify cannot constitute competent evidence against the claimant or be used to supplement evidence, which, standing alone, fails to amount to substantial evidence. *Id.*, 70 Pa.Commonwealth Ct. at 176, 452 A.2d at 916.

Accordingly, we affirm the order of the Board.

ORDER

AND NOW, this 23rd day of August, 1991, the order of the Unemployment Compensation Board of Review, dated May 11, 1990, at B–282082 is affirmed.