620 A.2d 629

**LTV STEEL COMPANY, INC., Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1992.

Decided Jan. 27, 1993.

Daniel R. Minnick, for petitioner.

Clifford Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

McGINLEY, Judge.

LTV Steel Company, Inc. (LTV) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision and denied LTV's request for relief from charges to its unemployment compensation reserve account. We reverse.[1]

Walter F. Gill (Claimant), the lead petitioner among several claimants, filed an application for unemployment compensation benefits with an effective date of December 31, 1989, thereby establishing a base year of July 1, 1988, through June 30, 1989. Claimant was determined to be financially eligible for benefits with a weekly benefit rate of $164.00, based on high quarter wages of $4,057.00 and total base year wages of $8,938.06. LTV was listed as one of Claimant's base year employers and allocated with $2,700.75 of Claimant's base year wages, even though Claimant performed no services for LTV during the base year. In fact, Claimant was last employed by LTV in October of 1985, when he was separated from LTV due to a departmental shutdown. As a result of the shutdown, Claimant retired on November 21, 1986, having not yet reached the age of sixty-two. At this time Claimant received his regular pension plus a monthly supplement. As a part of LTV's pension plan, employees who retired before age sixty-two because of a plant shutdown were eligible for a monthly supplement to their pension until they reached age sixty-two.

On January 17, 1986, LTV filed a petition for bankruptcy. As a result of LTV's financial problems, the Pension Benefit Guarantee Corporation (PBGC), a federal agency, involuntarily terminated LTV's pension plan effective January 13, 1987. PBGC took over as pension administrator and discontinued the monthly supplemental pension payments. Following the discontinuation of the supplemental payments, LTV and the United Steel Workers of America (Union) entered into an agreement whereby an Individual Account Trust Pension Program (IAT) was established. The IAT provided that employees who were receiving the monthly pension supplements that were discontinued by the PBGC would receive replacement

1. This case was reassigned to Judge McGinley on April 28, 1992.

monies. LTV was to make monthly payments to these employees in an amount equal to approximately 90% of the payments they would have received under the pension plan.

LTV elected to pay FICA taxes on the IAT payments to prevent possible future penalties and interest to retirees if these taxes were not withheld and the federal government determined that the IAT payments were wages. LTV and the Union filed a joint request for a revenue ruling on June 20, 1988, contending that the IAT payments were not wages. More than two and a half years passed and the Internal Revenue Service did not rule on the request. On November 27, 1990, the request for a ruling was withdrawn. The retirees have filed for refunds of the taxes paid on the IAT payments.

While receiving the IAT payments, some of the retirees obtained employment with other employers. Laid off by the new employers, the retirees filed for and received unemployment compensation benefits. LTV's unemployment compensation reserve account was charged for a pro-rata share of the claimants' benefits based on the IAT pension payments. In a notice of financial determination issued by the Bureau of Unemployment Compensation Benefits and Allowances (Bureau), LTV was notified that it was a base year employer. Accompanying the notice of financial determination was a "request for relief from charges" form. LTV returned the request for relief from charges form, accompanied by the following notation:

> The claimant was laid off on October 25, 1985. We also question whether or not this employer paid base period wages. Although the employer may have reported amounts which represent [sic], we request the charges be mutualized. IAT earnings, the employer is currently awaiting a ruling on whether or not the amounts should have been reported as earnings.[2]

The Bureau denied LTV's request for relief from charges and the referee affirmed. LTV then appealed to the Board,

2. Similar notations were attached to the request for relief from charges returned in the other claimants' appeals. Only the dates differ.

which remanded to the referee to act as hearing officer for the Board. At the remand hearing, Claimant and LTV's consultant appeared and testified. LTV's representative testified that it was LTV's intent to appeal the notice of financial determination when it filed the request for relief from charges. However, this testimony was found not to be credible. As a result, the Board determined that LTV did not appeal the notice of determination and that the notice became final.

The Board also denied LTV's request for relief from charges on the grounds that LTV's request for relief was based upon the allegations that the IAT payments were not wages and that this issue was previously determined in the notice of financial determination. LTV appeals.

On appeal, LTV contends that it perfected its appeal from the notice of financial determination, that the IAT payments were not wages under the Pennsylvania Unemployment Compensation Law[3] and that its unemployment compensation reserve account should be relieved from charges. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. *Moonlight Mushrooms, Inc. v. Unemployment Compensation Board of Review,* 142 Pa.Commonwealth Ct. 153, 596 A.2d 1264 (1991).

■ Although LTV did not strictly comply with the Bureau's regulations concerning an appeal from a notice of financial determination, we believe that LTV as a matter of law clearly indicated to the Bureau in its request for relief from charges that it sought to appeal from the notice of financial determination. LTV clearly stated to the Bureau that it questioned "whether or not this employer [LTV] paid base year wages." The Board's conclusion that it did not find LTV's testimony credible that it intended to appeal the notice of financial determination when it filed the request for relief from charges is disingenuous. The issue is not one of LTV's

---

3. Act of December 5, 1936, Send Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

intent; rather the issue is whether LTV's statement that it questioned whether it was a base year employer constitutes an appeal of the Bureau's notice of financial determination. We believe that it does, albeit on an improper form. The Bureau, after reading the LTV request for relief from charges, was on notice that LTV was challenging the Bureau's notice of financial determination.[4]

■ LTV's further contends that the IAT payments are not wages and that therefore LTV's unemployment compensation reserve account should not have been charged. In the present case it is undisputed that Claimant performed no services for LTV during the base year. Board's Decision, F.F. No. 4.[5] In *Allegheny Ludlum v. Unemployment Compensation Board of Review*, 140 Pa.Commonwealth Ct. 147, 591 A.2d 1186 (1991), we noted that payments not made in renumeration for services performed are not "wages" for purposes of the Unemployment Compensation Law, and therefore they are not properly includible in the claimant's base year wages for purposes of determining the claimant's eligibility for unemployment compensation benefits. *Id.* at 151, 591 A.2d at 1189. In *Allegheny Ludlum* we affirmed the Board's decision, which held that supplemental unemployment compensation (SUB) benefits and

4. We note that in *First National Bank of Bath v. Unemployment Compensation Board of Review*, 6 Pa.Commonwealth Ct. 152, 619 A.2d 801 (1992) (motion for publication granted January 11, 1993), a three-judge panel of this Court held that an employer who filed only a request for relief from charges (UC–44FR) form had not sufficiently advised the Bureau, as required by 34 Pa.Code § 101.82(c) that it was in fact appealing the Bureau's notice of financial determination. slip op. at 8–9.

The present case is distinguishable from *First National Bank* on the ground that LTV's notation accompanying the request for relief from charges form specifically advised the Bureau that it was appealing the notice of financial determination thereby meeting the requirements of 34 Pa.Code § 101.82(c).

5. Although we recognize that the issue of whether IAT payments must be included in the Claimant's base year wages was not addressed by a referee or the Board, the Board did make a finding of fact that Claimant performed no services for LTV during the base year in question. In the interest of judicial efficiency, we shall conduct a review rather than remand to the Board for a remand to a referee, because there are no facts in dispute, which leaves us with essentially a question of law.

short week benefits (SWB) are not payment for services rendered or performed and thus cannot be considered as wages. *Id.* at 157, 591 A.2d at 1191. The IAT payments in the present case are similar to the SUB and SWB payments in *Allegheny Ludlum* in that they are the result of a bargaining agreement between an employer and the employees' union. These payments are designed to provide compensation for employees who were without work through no fault of their own and are not payments for services performed. *Id.* at 152, 591 A.2d at 1189.

Having concluded that the IAT payments are not wages under the law, we believe that they cannot be included in Claimant's base-year wages. The order of the Board is reversed and LTV's request for relief from charges is granted.

### ORDER

AND NOW, this 27th day of January, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned case is reversed, and LTV's request for relief from charges is granted.