Joseph D. PIUNTI, Esq. and Joseph Bernardino, Esq. and James S. Dooley, Esq. and David L. Bargeron, Esq., Petitioners

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 5, 2006.

Decided June 13, 2006.

Joseph D. Piunti, Philadelphia, for petitioners.

Linda S. Lloyd, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and PELLEGRINI, Judge, and FRIEDMAN, Judge, and LEADBETTER, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

This is the Unemployment Compensation Board of Review's (Respondent) Preliminary Objections to the Amended Petition for Review in the Nature of a Complaint for Declaratory Judgment against Respondent, filed by four Pennsylvania licensed attorneys who routinely practice in the area of unemployment compensation (Petitioners).

On February 3, 2005, this Court in *Harkness v. Unemployment Compensation Board of Review,* 867 A.2d 728 (Pa. Cmwlth.2005), *appeal granted,* 584 Pa. 533, 885 A.2d 980 (2005), held that the Unem-

ployment Compensation Law[1] did not permit representation of corporate employers in unemployment proceedings by non-attorney, non-employees as such constituted the unauthorized practice of law.

In response to *Harkness,* the General Assembly amended the Law to allow non-attorney, non-employees to represent corporate employers in unemployment compensation by adding Section 214 of Senate Bill 464 which provides "Representation in proceedings—*Any party* in any proceeding under this act before the department, a referee or the board may be represented by an attorney or other representative." (Emphasis added).

Petitioners have filed an action and challenged the constitutionality of Section 214 of the Law, 43 P.S. § 774, pursuant to the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541 and Pa.R.Civ.P. 1601. Specifically, Petitioners contend that Section 214 violates Article V, Section 10 of the Pa. Constitution[2] by infringing on the Supreme Court's exclusive authority to regulate the practice of law in this Commonwealth.

Respondent has filed preliminary objections to the Petition for Review pursuant to Pennsylvania Rule of Civil Procedure 1028.[3] Specifically, Respondent asserts that (1) the Petition for Review contains impertinent matter which must be stricken; (2) Petitioners lack standing to bring this suit; and (3) Petitioners have failed to state a claim upon which relief may be granted because Section 214 of the Law does not offend the Constitution.

i. *Removal of Scandalous and impertinent matter– Pa.R.C.P. 1028(a)(2)*

Petitioners aver at Paragraph 13, 22, 24 of their Petition for Review that "Section 702 of the Unemployment Compensation Law was amended." Respondent avers that this allegation should be stricken pursuant to Pa.R.C.P. 1028(a)(2).

■ This rule provides that a preliminary objection may be filed to a pleading that fails to conform to law or rule of court or includes scandalous or impertinent matter. Pa.R.C.P. 1028(a)(2). "To be scandalous [or] impertinent, the allegations must be immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pennsylvania v. Common-*

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 42 P.S. §§ 751—914(Law).

2. Article V, Section 10 provides, in relevant part:
 (c) *The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts,* justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, *and for admission to the bar and to practice law,* and the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions. (Emphasis added).

3. In ruling on preliminary objections courts must decide whether the law says with certainty that, based upon the factual averments, no relief is possible. *P.J.S. v. Pennsylvania State Ethics Commission,* 669 A.2d 1105 (Pa. Cmwlth.1996). Any doubt must be resolved in favor of the non-moving party by refusing to sustain the preliminary objections. *Envirotest Partners v. Department of Transportation,* 664 A.2d 208 (Pa.Cmwlth.1995).

*wealth,* 710 A.2d 108, 115 (Pa.Cmwlth. 1998).

Respondent alleges that Petitioners' allegations are inaccurate and, therefore, inappropriate because Section 702 of the Law remains the same today as it was written in 1936. The only amendment that has occurred is the addition of Section 214 of the Law, 43 P.S. § 862, that was added by Act 5 of 2005.

Petitioners admit they incorrectly cited Section 702 of the Law as being "amended" in their pleading. They further admit that their Petition for Review contains impertinent matter which should be stricken by this Court.

Because Petitioners' averments concerning the alleged amendment to Section 702 of the Law are inaccurate, they are stricken from the Amended Petition for Review.

ii. *Standing*

Next, Respondent asserts that Petitioners lack standing to bring the action because Petitioners cannot demonstrate that they have a substantial, direct or immediate interest in the outcome of the litigation or that they have been adversely impacted by the addition of Section 214 to the Law.

Petitioners argue that they have standing to bring this action because the legislature has authorized a class of individuals to practice law without a license by promulgating Section 214 into the Law. They assert the practice of law is affected because non-attorneys are now legislatively authorized to practice as if they were admitted to the bar.

It is well settled that a controversy is worthy of judicial review only if the individual initiating the action has been "aggrieved." *Pittsburgh Palisades Park, LLC v. Commonwealth of Pennsylvania,* 585 Pa. 196, 888 A.2d 655 (2005). An individual demonstrates he is aggrieved if he establishes that he has a substantial, direct and immediate interest in the outcome of the litigation. *In re Hickson,* 573 Pa. 127, 821 A.2d 1238 (2003). An interest is "substantial" when there is a discernible adverse impact on an individual interest that differs from the abstract interest of the public generally in having others comply with the law. An interest is "direct" when the aggrieved person can show that the matter complained of caused harm to that party's interest. Finally, an interest is "immediate" when the causal connection is not too remote or speculative. *NCPaTLA v. Weaver,* 827 A.2d 550 (Pa.Cmwlth. 2003).

In *Bergdoll v. Kane,* 557 Pa. 72, 731 A.2d 1261, 1268 (1999), our Supreme Court upheld this Court's conclusion that John G. Bergdoll, Esquire (Bergdoll), Pennsylvania Bar Association (PBA) and individual members of the PBA had standing to maintain a declaratory action to strike down a ballot question which proposed changes to the Constitution relating to the conduct of criminal trials. In that case, the PBA, Bergdoll and other attorneys who were also taxpayers and electors of the Commonwealth, asserted that the proposed amendment to the Constitution would change the rights of persons accused of crimes to confront witnesses against them and allow the General Assembly to enact laws regarding the manner in which children may testify in criminal proceedings, including the use of video tape depositions and testimony by closed-circuit television. According to the PBA and Bergdoll, this, in effect, amended Article V, Section 10(c) of the Pennsylvania Constitution which vests exclusive authority in the Supreme Court over the practice and procedure in our courts.

Our Supreme Court agreed that the manner in which testimony is to be received in court and the choice of the proce-

dures to be employed were procedural matters and within its exclusive rule making authority. Because Bergdoll and other individual members of PBA would have been directly impacted by the proposed amendment, and were sworn to defend the Pennsylvania Constitution, our Supreme Court concluded that they had demonstrated a substantial, direct and immediate interest and had standing to bring suit.

Similarly, in *NCPaTLA*, the North Central Pennsylvania Trial Lawyers Association (NCPaTLA) and John Humphrey, Esquire (Humphrey), an individual attorney, had standing to challenge a statute that was intended to restrict the venues in which medical malpractice claims might be brought. In that case, NCPaTLA and Humphrey commenced an action against the Commonwealth seeking a declaration that the Act of October 17, 2002, 42 Pa. C.S. § 5101.1 (Act 127), which was related to venue in medical professional liability actions was unconstitutional. The Commonwealth filed preliminary objections and asserted that NCPaTLA and Humphrey lacked standing and failed to state a claim for which relief could be granted because Act 127 did not offend the Constitution.

This Court held that NCPaTLA and Humphrey had standing because Act 127, which limited the choice of venue otherwise available to attorneys, had a direct effect on the practice of law and on an attorney's ability to advocate and represent the interests of their clients.

In *Gmerek v. State Ethics Commission*, 569 Pa. 579, 807 A.2d 812 (2002), individual members of the PBA brought a declaratory judgment action alleging that the Lobbying Disclosure Act, 65 Pa.C.S. §§ 1301–1311, was unconstitutional as regulating the practice of law. The petitioners in that case were attorneys who engaged in lobbying activities. A divided Supreme Court upheld the Commonwealth Court's ruling that the Lobbying Disclosure Act violated the Pennsylvania Constitution by infringing on the Supreme Court's exclusive authority to regulate the practice of law. Our Supreme Court held that the Lobbying Disclosure Act was unconstitutional because several of the provisions (relating to reporting requirements and prohibited activities) regulated activities that, when performed by attorneys, constituted the practice of law.

■ This Court must conclude that Petitioners have standing to bring this challenge. Petitioners allege in their Petition for Review that they have been and will be negatively impacted in a direct fashion by Section 214 of the Law. Petitioner's interest is substantial because it differs from that of the public generally in that the general public does not have a license to practice law. Their interest is direct and immediate because Section 214 of the Law authorizes non-attorneys to practice law as a replacement for and in competition with Pennsylvania's licensed attorneys.

■ Alternatively, there is a narrow exception to the general requirements of standing where a citizen may challenge an action that would otherwise go unchallenged in the courts. To be granted standing under this exception, petitioners must demonstrate that: (1) the governmental action would otherwise go unchallenged, (2) those directly and immediately affected are not inclined to challenge it, (3) judicial relief is appropriate, (4) there is no redress through other channels, and (5) no other persons are better suited to assert the claim. *Lawless v. Jubelirer*, 789 A.2d 820 (Pa.Cmwlth.) *aff'd*, 571 Pa. 79, 811 A.2d 974 (2002). *In Lawless*, John A. Lawless, a member of the General Assembly, and Charles Pascal, a member of the Board of Directors of the Leechburg Area School District, filed a petition for review

in the nature of a request for declaratory judgment that then Lieutenant Governor, Robert C. Jubelirer, could not contemporaneously hold the offices of State Senator and President *pro tempore* of the Senate. In determining whether Lawless and Pascal had standing this Court scrutinized the five-part test and concluded that petitioners had standing to raise the issue. First, the issue was likely to go uncontested because those directly and immediately affected by the Senator's dual roles, i.e., the Senator's colleagues and legislators, were not likely to challenge his dual authority. Second, judicial relief was appropriate to challenge the constitutionality of an individual's right to simultaneously occupy these various positions. Redress was not available elsewhere, and no other person was better situated to commence the lawsuit.

■ This Court finds that Petitioners also have standing under this exception. First, as in *Lawless*, there is a real possibility that the issue called into question might otherwise go unchallenged. Corporate employers and the non-attorneys who will represent them may be reluctant to raise this issue since they will benefit from the law. Corporate employers stand to benefit financially and by the professed convenience of not having to hire a Pennsylvania licensed attorney. The non-attorney representatives benefit because they encroach upon the practice of law historically and traditionally reserved to those admitted to the bar. Judicial relief is appropriate to resolve a challenge to the constitutionality of a law which is alleged to infringe on our Supreme Court's authority to regulate the conduct of our courts. Finally, redress is not available elsewhere, and there are no persons who are better situated to commence this lawsuit than

licensed attorneys who practice before the Board.

■ This Court also concludes that Petitioners have an additional basis to assert standing under our holdings in *Bergdoll* and *NCPaTLA,* wherein this Court granted standing to individuals who had taken an oath and pledged to defend Pennsylvania's Constitution. *See also Lawless* (member of the General Assembly and member of the Board of Directors of the Leechburg Area School District both of whom took oaths which required them to defend the Constitution had standing to challenge constitutionality of occupying the roles of Senator, President *pro tempore* of the Senate and Lieutenant Governor simultaneously). In this case, Petitioners who took an oath to defend the Constitution, have standing to challenge a law which proposes to change the Constitution relating to the Supreme Court's exclusive authority to prescribe general procedural rules governing operation of our courts.

Respondent's second preliminary objection is overruled.

iii. *Failure to state claim for declaratory or injunctive relief*

Petitioners allege in their Petition for Review that Section 214 of the Law violates the separation of powers provision found in Article V, Section 10 of the Pennsylvania Constitution.

Respondent maintains Petitioners have not stated a cause of action for declaratory or injunctive relief because new Section 214 of the Law does not restrict or regulate the practice of law in violation of the Supreme Court's exclusive authority to the conduct of attorneys and their admission to practice before the courts in Article V, Section 10. It maintains that Section 214

of the Law simply permits laypersons to "advocate" in unemployment proceedings, therefore, it is not at odds with the Supreme Court's authority to regulate attorneys and the practice of law.[4] This Court must disagree with Respondent.

The authority of the Supreme Court to regulate conduct comprising the practice of law is well established. *See Commonwealth v. Stern,* 549 Pa. 505, 701 A.2d 568 (1997); *Maunus v. State Ethics Commission,* 518 Pa. 592, 544 A.2d 1324 (1988); *Wajert v. State Ethics Commission,* 491 Pa. 255, 420 A.2d 439 (1980).

 As pointed out in *Harkness,* when one engages in cross-examination, argument, or other acts of advocacy, the individual is engaged in the practice of law. The practice of law requires the observation of the professional rules of conduct and ethical standards, the exercise of legal judgment, the understanding of legal principles and the practiced skill of applying such principles. This is no less pertinent in the unemployment setting and applies equally to persons appearing before our administrative tribunals in a representative capacity on behalf of corporate employers. Unemployment law encompasses a wide range of complex legal principles including issues of eligibility, voluntary termination, availability and suitability of work, the defense of willful misconduct, and employer versus independent contractor issues. Further, it is critical in unemployment compensation law as in all administrative law practice, that objections be timely made and preserved for appeal.[5] To leave evidentiary issues such as hearsay, admissions, inferences, objections and burden of proof in the hands of a layperson literally establishes that such skills when performed on behalf of a corporation do not constitute the practice of law merely because it takes place before an administrative tribunal or because the unemployment compensation system is designed to adjudicate matters quickly.[6] To the contrary, this Court concludes that competent representation in this area of the law requires a full understanding of the statutory and case law in this field of practice.

Article V, Section 10 of the Pennsylvania Constitution expressly confers on the Supreme Court exclusive jurisdiction over all

4. Respondent does not address whether *a corporation,* a purely artificial creature of the law, may appear in court *in propria persona* in the same way as a natural person or by representative who is not an attorney-at-law; a fundamental principle upon which *Harkness* was based.

5. In *Dehus v. Unemployment Compensation Board of Review,* 118 Pa.Cmwlth. 344, 545 A.2d 434 (1988) this Court held that where a party has an opportunity to object during the proceedings before the referee, it is incumbent upon that party to advise the referee of his objections at that time. *Id.* at 350, 545 A.2d at 437. In *Dehus,* a claimant failed to raise a due process issue before the referee, but did raise that issue before the Board. Nevertheless, this Court concluded that the claimant waived his contention by failing to raise it before the referee. *Id.* In *Dehus* this Court referred to our Supreme Court's decision in *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981) for the rule that an administrative law tribunal must be given the opportunity to correct its errors as early as possible and that the parties must be required to advance all legal theories before the tribunal to avoid a series of piecemeal adjudications.

6. *See Westmoreland County v. RTA Group, Inc.,* 767 A.2d 1144, 1147 (Pa.Cmwlth.), *appeal denied,* 567 Pa. 753, 788 A.2d 382 (2001) (hearings before administrative boards or commissions are essentially "judicial in character" and carry the indicia of a fact-finding "public tribunal to whom is committed the function of determining rights of life, liberty, and property." citing *Shortz v. Farrell,* 327 Pa. 81, 85–87, 193 A. 20, 21–22 (1937)).

matters related to the privilege of practicing law. This exclusive jurisdiction encompasses a responsibility that laypersons not practice law without a license and that corporations not appear in our courts *in propria persona* or otherwise unrepresented by counsel. Whether special circumstances exist which justify such representation of corporations in unemployment proceedings is for the Supreme Court to decide, not the General Assembly.

Based on the foregoing, the following order is entered:

Judge LEADBETTER and Judge SIMPSON dissent.

### *ORDER*

AND NOW, this 13th day of June, 2006, Respondent's first preliminary objection to the Amended Petition for Review is granted. Paragraphs 13 and 24 and those portions of paragraph 22 of the Amended Petition for Review which reference Section 702 of the Pennsylvania Unemployment Law as being amended are stricken as impertinent pursuant to Pa.R.Civ.P. 1028(a)(2). Respondent's remaining two preliminary objections are overruled. Respondent shall file its answer to the Amended Petition for Review within 30 days from the date of this Order.