IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Candice M. Hampson,　　　　　　　　　:
　　　　　　　　Petitioner　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　:　No. 1814 C.D. 2019
　　　　　　　　　　　　　　　　　　　:　SUBMITTED:  May 21, 2021
Unemployment Compensation　　　　　　:
Board of Review,　　　　　　　　　　　:
　　　　　　　　Respondent　　　　　　:


BEFORE:　　HONORABLE MARY HANNAH LEAVITT, Judge
　　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　　HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER　　　　　　　　　　　　　　FILED:  July 14, 2021

　　　　Candice M. Hampson (Claimant) petitions for review of the November 15, 2019 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee to dismiss Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).  Section 501(e) of the Law provides:

> *Unless the claimant* or last employer or base-year employer of the claimant *files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment [of Labor and Industry (Department)]* . . . *within [15] calendar days after such notice was delivered to [her] personally, or was mailed to [her] last known post office* address, and applies for a hearing, *such determination of the [D]epartment*, with respect to the particular facts set forth in such notice, *shall be final* and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (emphasis added).

**Background**

Following her separation from employment, Claimant applied for unemployment compensation (UC) benefits on July 16, 2019. Record (R.) Item Nos. 1, 5.[2] On August 19, 2019, the Department mailed to Claimant's last known postal address a Notice of Determination (Notice), notifying her that she was "disqualified from receiving [UC] benefits for the week ending 08/17/2019 and thereafter" pursuant to Section 401(b)(1)(i) of the Law, 43 P.S. § 801(b)(1)(i), for failure to register for employment search services.[3] R. Item No. 3; Bd.'s Finding of Fact (F.F.) No. 1. The Notice contained appeal instructions, which stated that the last day to file a timely appeal was September 3, 2019. R. Item No. 3; Bd.'s F.F. No. 2. Claimant received the Notice and was aware or should have been aware that the last day to file a timely appeal was September 3, 2019. Bd.'s F.F. No. 3.

---

[2] The UC claim records identify Claimant's separating employer as "Aroject Transition" in Nashville, Tennessee. R. Item No. 1. The record, however, does not indicate Claimant's former job position or the reason for her separation from employment.

[3] Section 401(b)(1)(i) of the Law states in relevant part:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

(b)(1) Is making an active search for suitable employment. The requirements for "active search" shall be established by the [D]epartment and *shall include, at a minimum*, all of the following:

(i) *Registration by a claimant for employment search services offered by the Pennsylvania CareerLink system or its successor agency within thirty (30) days after initial application for benefits*.

43 P.S. § 801(b)(1)(i) (emphasis added).

Claimant did not file an appeal by September 3, 2019. *Id.* No. 4. Rather, she filed an appeal by mail on September 11, 2019. *Id.*[4] Claimant was neither misled nor misinformed about her appeal rights. *Id.* No. 5.

The Referee held a hearing on October 7, 2019, at which Claimant appeared *pro se*. Claimant testified that she received the August 19, 2019 Notice and that the Department mailed the Notice to the correct post office address. Notes of Testimony (N.T.), 10/7/19, at 3. When asked if she was aware that she was required to file an appeal by September 3, 2019, Claimant replied, "[I]t's in the letter, but I may have overlooked that." *Id.*

Claimant then testified that she "wrote the [a]ppeal on August 22[, 2019], but didn't mail it out until September." *Id.* Claimant explained the reason for her delay in mailing the appeal as follows:

> I was very busy running around looking for jobs, applying, interviews. I don't have a car, so using public transportation is very timely. I have another . . . issue going on that I'm filing for bankruptcy. And a lot of documents during this same time had to be collected and sent out. So things just got lost in the shuffle. But I didn't even have an envelope, which is why I got an envelope from my doctor's office to mail [the appeal] out as soon as I could. So[] . . . it was really . . . just kind of time flying by and things getting lost in the shuffle between all the documents I needed to send to my attorney for bankruptcy and [u]nemployment [c]ompensation.

*Id.* at 3-4.[5]

---

[4] Claimant's appeal was postmarked September 11, 2019, and the Department received it on September 13, 2019. *See* R. Item No. 4.

[5] Although not related to the issue before this Court, Claimant also testified that she ultimately registered for employment search services on August 22, 2019, and that her UC benefits resumed upon her registration. N.T., 10/7/19, at 4-5; *see* R. Item No. 5.

3

At the conclusion of Claimant's testimony, the Referee asked Claimant, "Was there any testimony or evidence on any of the issues that you did not – any facts or details about anything that you did not tell me?" *Id.* at 5. Claimant replied, "No." *Id.*

Following the hearing, the Referee determined that Claimant's appeal was untimely and, thus, he lacked jurisdiction to consider the merits of the appeal. The Referee concluded:

> Claimant testified that she had completed her appeal paperwork on August 22, 2019, but that she did not send in the appeal until September 11, 2019. . . . Claimant testified that she was extremely busy with job interviewing and dealing with public transportation.
>
> . . . Claimant further testified that she was completing paperwork to file for bankruptcy, and needed to obtain documentation for this purpose. . . . Claimant testified that filing the appeal for the present case[] was "lost in the shuffle."
>
> The Referee credits the testimony of . . . Claimant in its entirety, however, the Referee finds that the testimony of . . . Claimant does not overcome the mandates of Section 501(e) of the . . . Law.

Ref.'s Order, 10/8/19, at 2. Therefore, because Claimant filed her appeal beyond the 15-day deadline, the Referee dismissed Claimant's appeal.

Claimant timely appealed to the Board. Twelve days later, she filed a Request for a Remand Hearing with the Board, seeking to present additional evidence regarding her medical conditions.

On November 15, 2019, the Board affirmed the Referee's decision and denied Claimant's Request for a Remand Hearing. The Board adopted and incorporated the Referee's findings of fact and conclusions of law and further concluded:

4

[C]laimant did not provide a sufficient reason to treat her appeal as timely. Allowing "time [to] fly[] by" and allowing "things [to] get[] lost in the shuffle" was negligent of [C]laimant.

In her appeal, [C]laimant tries to argue the underlying merits of her case. Because [C]laimant appealed late, the Board cannot address [these arguments].

. . . [C]laimant's request that the record be remanded for additional testimony is denied because she had a full and fair hearing. [C]laimant had the opportunity to present her case in the manner . . . she wished.

Bd.'s Order, 11/15/19, at 1. Claimant now petitions for review of the Board's decision.[6]

## **Analysis**

On appeal, Claimant asserts that she filed her appeal late because she "suffers from mental health conditions, depression, anxiety, and post-traumatic stress disorder" and she "was unable to meet the September 3, 2019 [appeal] deadline as a direct result of her medical conditions." Pet. for Rev. ¶¶ 3, 6. In essence, she claims that her late appeal was non-negligent because it was caused by matters "out of her control." *Id.* ¶ 6. We disagree.

Section 501(e) of the Law requires a claimant to file an appeal from a Department determination within 15 days of the date of mailing to the claimant's last known postal address. 43 P.S. § 821(e). Our Court has held that the "15-day time limit is mandatory and subject to strict application." *Vereb v. Unemployment Comp. Bd. of Rev.*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996) (*en banc*). If the

---

[6] Where, as here, the party with the burden of proof was the only party to present evidence and did not prevail below, our scope of review is limited to determining whether the Board capriciously disregarded competent evidence and whether there was a constitutional violation or an error of law. *Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 838, 842 n.4 (Pa. Cmwlth. 2017).

claimant does not file an appeal within 15 days, "the determination becomes final, and the [Department] does not have the requisite jurisdiction to consider the matter." *Id.*

Moreover, a claimant has "a heavy burden to justify" the filing of an untimely appeal. *Constantini*, 173 A.3d at 844. "Generally, an appeal *nunc pro tunc* may be allowed when a delay in filing the appeal is caused by extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996) (citation omitted). To satisfy her burden of proof, the claimant must establish that the Department "engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond [the claimant's] control caused the delay." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). An administrative breakdown by the Department will justify a late appeal only if the breakdown "relate[s] to the availability, timing[,] or need for an appeal." *Greene v. Unemployment Comp. Bd. of Rev.*, 157 A.3d 983, 993 (Pa. Cmwlth. 2017).

Here, Claimant offered no evidence establishing that her untimely appeal was caused by fraudulent or negligent conduct by the Department or non-negligent conduct beyond Claimant's control. The record shows that the Department did not provide Claimant with inaccurate or misleading information regarding the availability, timing, or need to appeal. At the hearing, Claimant admitted that she received the Notice but simply "overlooked" the instructions regarding the appeal deadline. N.T., 10/7/19, at 3. Further, when asked why she waited until September 11, 2019 to mail her appeal to the Department, Claimant testified that she was "very busy" applying and interviewing for jobs and filing for bankruptcy, and that her UC

appeal "just got lost in the shuffle." *Id.* at 4. Based on Claimant's own testimony, which the Board credited, the Board correctly concluded that Claimant's late appeal was caused by her own negligence. Bd.'s Order, 11/15/19, at 1; *see Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) ("The pressure of life events is . . . insufficient to excuse an untimely [UC] appeal."); *see also Constantini*, 173 A.3d at 845 (finding that the claimant's late appeal was caused by her own negligence, where the claimant was dealing with several ongoing legal issues, a malware virus attack on her computer network, lost data from her wireless devices, and medical emergency appointments during the 15-day appeal period).

In her appellate brief, Claimant asserts that when she testified that her UC appeal "got lost in the shuffle," she meant that because of her "psychiatric conditions" and "mental state[,] she did not know (or realize) . . . the time deadlines and the effect of losing her [UC] benefits and/or right to appeal." Claimant's Br. at 8. However, Claimant presented no testimony or evidence regarding any alleged mental health conditions before the Referee. The first time she raised this issue was in her Request for a Remand Hearing filed with the Board, which she filed 12 days *after* her appeal to the Board. *See* R. Item No. 11. It is well settled that a claimant's failure to raise an issue before the Referee results in waiver of the issue. *See Dehus v. Unemployment Comp. Bd. of Rev.*, 545 A.2d 434, 436 (Pa. Cmwlth. 1988) (recognizing that an issue is waived when a claimant fails to raise the issue before the referee when she has an opportunity to do so).[7] Furthermore, before closing the record, the Referee specifically asked Claimant if there were "any [other] facts or details" relating to her appeal that she wished to share, to which she replied, "No." N.T., 10/7/19, at 5. Therefore, we conclude that Claimant has waived this claim.

_____

[7] On appeal, Claimant does not challenge the Board's denial of her Request for a Remand Hearing.

7

## **Conclusion**

Accordingly, because we conclude that Claimant's appeal was untimely and she did not establish a right to *nunc pro tunc* relief, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Candice M. Hampson,             :
                    Petitioner  :
                                :
        v.                      :  No. 1814 C.D. 2019
                                :
Unemployment Compensation       :
Board of Review,                :
                    Respondent  :

# **O R D E R**


AND NOW, this 14th day of July, 2021, we hereby AFFIRM the November 15, 2019 Order of the Unemployment Compensation Board of Review.


_____
ELLEN CEISLER, Judge